UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

WILTON REASSURANCE LIFE COMPANY OF :
NEW YORK,
                                  :
                    Plaintiff,        13 Civ. 5536 (RJS)(HBP)
                                  :
     -against-                        OPINION
                                  :   AND ORDER[1]
WALTER F. GARBRECHT, JR.,
individually, and on behalf of    :
D.G., a minor, JOYCE REGINA
MAISANO, RENEE A. MAISANO-CUZZO,  :
GAIL DARDANO, SUZANNE SCHMIDT and
JOSHUA RODRIGUEZ,                 :
                    Defendants.
                                  :
----------------------------------X


          PITMAN, United States Magistrate Judge:


          TO THE HONORABLE RICHARD J. SULLIVAN, United States

District Judge,

_____

     [1]As explained in the text, this is an interpleader action in
which an insurance company seeks a determination of who is
entitled to the proceeds of a life insurance policy.  All parties
other than Joyce Regina Maisano and Suzanne Schmidt have
consented to my exercising plenary jurisdiction in this matter
pursuant to 28 U.S.C. § 636(c) (see Docket Item 20).  Because my
decision in this matter dated November 12, 2014 (Docket Item 32)
dealt with the issue of who was entitled to receive the proceeds
and Maisano and Schmidt had not consented to my jurisdiction, I
addressed the issue by way of a Report and Recommendation, which
was subsequently adopted by Judge Sullivan (Docket Item 33).
Both Judge Sullivan and myself concluded that Maisano and Schmidt
were not beneficiaries of the policy.  The remaining issue
addressed herein is the plaintiff's fee application.  Because all
parties who have been found to have an interest in the proceeds
have consented to my jurisdiction, I conclude I can address the
remaining issue on the merits.

I.   Introduction

Pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335, and Fed.R.Civ.P. 22, Wilton Reassurance Life Company of New York ("Wilton") brought this interpleader action to resolve competing claims to the proceeds of a life insurance policy.   On November 12, 2014, I issued a Report and Recommendation ("Report") recommending that all but $15,000 of the funds Wilton deposited with the Clerk of Court be disbursed among Walter F. Garbrecht, Jr., Joshua Rodriguez and Renee Maisano-Cuzzo as allocated in the Report and that, upon resolution of Wilton's motion for fees and costs, the remainder should be distributed as well (Docket Item 32).   By an Order dated December 3, 2014, the Honorable Richard J. Sullivan, United States District Judge, adopted my Report and the funds were disbursed.   Wilton Reassurance Life Co. of N.Y. v. Garbrecht, 13 Civ. 5536 (RJS)(HBP), 2014 WL 6850968 at *1 (S.D.N.Y. Dec. 3, 2014).

By notice of motion, dated July 1, 2014 (Docket Item 31), Wilton moves for a discharge of liability and an injunction pursuant to 28 U.S.C. § 2136 and an award of fees and costs from the remaining funds.   For the reasons set forth below, I respectfully recommend that the motion be granted in part and denied in part.

2

II.   <u>Facts</u>

      The facts giving rise to this action are set forth in detail in my Report, familiarity with which is assumed.  The facts relevant to the disposition of the present motion are set forth below.

      In September 2000, North American Company for Life and Health Insurance of New York ("NANY") issued life insurance policy No. LN01015420, on the life of Donna A. Garbrecht (the "Insured") in the amount of $200,000 (Complaint, dated Aug. 7, 2013, (Docket Item 1) ("Compl.") ¶¶ 11-12).  Wilton succeeded NANY as the insurer of the policy (Compl., ¶ 1).

      The Insured died on December 27, 2012 (Compl., ¶ 35).  Defendants Walter F. Garbrecht, Jr., minor D.G., Joshua Rodri-guez, Renee Maisano-Cuzzo, Joyce Regina Maisano, Gail Dardano and Suzanne Schmidt submitted claims for benefits under the policy (Compl., ¶¶ 36-42).  Wilton informed Maisano, Schmidt and Dardano that their claims were denied because they were not identified as beneficiaries of the policy; Wilton also requested that they withdraw their claims (Compl., ¶¶ 43-45).  Each refused to withdraw her claim for benefits and stated her belief that the Insured intended her to be a beneficiary of the policy (Compl., ¶¶ 46-48).  Garbrecht opposed Maisano's claim for benefits

(Compl., ¶ 49).  As a result of the conflicting claims, Wilton
was unable to determine to whom the death benefits were owed
(Compl., ¶ 53).

Wilton brought suit seeking a judgment (1) directing
Wilton to deposit the death benefit and interest with the Clerk
of Court, (2) directing defendants to interplead each other, (3)
discharging Wilton from further liability and enjoining defen-
dants from commencing any actions against it and (4) awarding
Wilton fees and costs from the policy proceeds (Compl., at 9-10).
Thereafter, Wilton properly served the summons, complaint, Rule
7.1 statement and exhibits on all Defendants.[2]

Defendants Garbrecht, D.G. and Rodriguez answered and
cross-claimed and Dardano answered (Docket Items 10 & 14).  On
January 31, 2014, Wilton deposited the death benefit and accumu-
lated interest, totaling $205,547.04, with the Clerk of Court
(Declaration of Jaime M. Merritt, dated July 1, 2014, ("Merritt
Decl.") ¶ 22, annexed as Attachment 1 to Notice of Motion for
Dismissal and Attorneys [sic] Fees, dated July 1, 2014 (Docket

---

[2]See Aff. of Serv. on Garbrecht, dated Aug. 19, 2013 (Docket
Item 6); Aff. of Serv. on Garbrecht, on behalf of D.G., dated
Aug. 19, 2013 (annexed as Attachment 1 to Docket Item 6); Aff. of
Serv. on Maisano-Cuzzo, dated Aug. 16, 2013 (Docket Item 9); Aff.
of Serv. on Rodriguez, dated Aug. 19, 2013 (Docket Item 5);
Return of Serv. on Dardano, dated Aug. 15, 2013 (Docket Item 7);
Return of Serv. on Maisano, dated Aug. 19, 2013 (Docket Item 8);
Return of Serv. on Schmidt, dated Oct. 14, 2013 (Docket Item 12).

Item 31) ("Pl.'s Notice")).  Wilton filed this motion, dated July 1, 2014, seeking a discharge from liability and an award of fees and costs (Docket Item 31).

On December 3, 2014, the Honorable Richard J. Sullivan, United States District Judge, granted Garbrecht, D.G. and Rodriguez's motions for summary judgment against Dardano and for a default judgment against Maisano and Schmidt; the Clerk of Court was directed to maintain $15,000 in the Court's Registry, disbursing the remainder of the funds as follows:  62.5% to Garbrecht and 12.5% each to Garbrecht, on behalf of D.G., Rodriguez and Maisano-Cuzzo.  Wilton Reassurance Life Co. of N.Y. v. Garbrecht, supra, 2014 WL 6850968 at *13.  Upon resolution of Wilton's fee motion, any remaining funds were to be disbursed as allocated above.  Wilton Reassurance Life Co. of N.Y. v. Garbrecht, supra, 2014 WL 6850968 at *13.

III.  Analysis

    A.  Interpleader Injunction and
        Discharge Pursuant to Section 2361

Pursuant to 28 U.S.C. § 2361, Wilton seeks (1) to enjoin the defendants and other prospective claimants from bringing suit against Wilton in any other court for this cause of action and (2) to be discharged from liability (Memorandum of Law

in Support of Motion for Dismissal and for Attorneys [sic] Fees,
dated July 1, 2014, ("Pl.'s Mem."), at 5, annexed as Attachment
22 to Pl.'s Notice).

> Section 2361 provides that
>
> [i]n any civil action of interpleader or in the nature
> of interpleader under section 1335 of this title, a
> district court may issue its process for all claimants
> and enter its order restraining them from instituting
> or prosecuting any proceeding in any State or United
> States court affecting the property, instrument or
> obligation involved in the interpleader action until
> further order of the court. . . .
>
> Such district court shall hear and determine the case,
> and may discharge the plaintiff from further liability,
> make the injunction permanent, and make all appropriate
> orders to enforce its judgment.

28 U.S.C. § 2361.  Injunctive relief in an interpleader action
"prevents the multiplicity of actions and reduces the possibility
of inconsistent determinations."  Guardian Life Ins. Co. v.
Gilmore, --- F. Supp. 3d ---, ---, 13 Civ. 2677 (KMK), 2014 WL
4435438 at *7 (S.D.N.Y. Sept. 9, 2014) (Karas, D.J.) (quotation
marks and citation omitted).

Wilton's request for an injunction is moot as there is
no danger of overlapping or multiple suits.  The beneficiaries of
the policy have already been determined, and the doctrines of res
judicata and collateral estoppel apply.  See Glenclova Inv. Co.
v. Trans-Resources, Inc., 874 F. Supp. 2d 292, 304 (S.D.N.Y.
2012) (Keenan, D.J.) ("once . . . [a court] reaches the merits of

beneficial ownership of the [disputed funds], that judgment will have preclusive effect in any other court where the parties [raise] the matter -- be it through res judicata or collateral estoppel").

Thus, Wilton's request for injunctive relief should be denied.

In order to discharge Wilton's liability, the requirements of Section 1335 must be met.  "There must be a fund greater than $500; adverse claimants of diverse citizenship; a deposit of the fund in court; and a disinterested stakeholder." Mendez v. Teachers Ins. & Annuity Ass'n and Coll. Ret. Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992); accord Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013).

There is no dispute that those requirements have been met.  The funds deposited with the Clerk of Court totaled $205,547.04 (Merritt Decl. ¶ 22).  Defendants submitted competing claims, and both Dardano and Schmidt are citizens of Florida, while the remaining defendants are citizens of New York (Compl., ¶¶ 2-8).  There is no indication that Wilton had an interest in the outcome.

Thus, Wilton should be discharged from any liability to any party in this action or arising out of any claim to proceeds of the policy.

B.   Attorneys' Fees
     and Costs

From the remaining $15,000 in funds, Wilton seeks fees and costs incurred to date which total $11,599.90 as of April 1, 2014 (Merritt Decl. ¶¶ 31-33).[3]

It is within "the sound discretion of the district court" to award reasonable attorneys' fees and costs to a disinterested stakeholder in an interpleader action.  Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965).  Reasonable expenses may be awarded where the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into the court, and (4) has sought a discharge from liability."  Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989) (citation omitted).

However, "courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions."  Feehan v. Feehan, 09 Civ. 7016 (DAB)(THK), 2011 WL 497852 at *7 (S.D.N.Y. Jan. 10, 2011) (Katz,

---

[3]Wilton's counsel seek fees incurred after April 1, 2014 -- mainly those incurred in bringing this motion; however, Wilton only provided contemporaneous time records for fees incurred through April 1, 2014, stating it "will supplement [the time records], if necessary, to specifically identify such costs" (Merritt Decl. ¶ 31).  Thus, the total amount of fees and costs is unclear.

M.J.) (Report & Recommendation), adopted at, 2011 WL 497776
(S.D.N.Y. Feb. 10, 2011) (Batts, D.J.).   In Travelers Indem. Co.
v. Israel, supra, 354 F.2d at 490, the Second Circuit stated,
"[w]e are not impressed with the notion that whenever a minor
problem arises in the payment of insurance policies, insurers
may, as a matter of course, transfer a part of their ordinary
cost of doing business of their insureds by bringing an action
for interpleader." "Conflicting claims to the proceeds of a
policy are inevitable and normal risks of the insurance business.
Interpleader relieves the insurance company of multiple suits and
eventuates in its discharge.  Accordingly, the action is brought
primarily in the company's own self-interest." Companion Life
Ins. Co. v. Schaffer, 442 F. Supp. 826, 830 (S.D.N.Y. 1977)
(Broderick, D.J.).

        Courts have denied expenses where the "action [was] not
complex," the stakeholder "did not provide any unique services,"
and there were no "unique problems" that "exceeded the ordinary
cost of doing business as an insurance company." Feehan v.
Feehan, supra, 2011 WL 497852 at *8; see, e.g., Guardian Life
Ins. Co. v. Gilmore, supra, --- F. Supp. 3d ---, ---, 2014 WL
4435438 at *8; Hartford Life Ins. Co. v. Pottorff, No. 5:13-cv-77
(MAD/DEP), 2014 WL 1393751 at *7 (E.D.N.Y. Apr. 9, 2014); Metro.
Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 105 (E.D.N.Y.

2013); <u>New York Life Ins. Co. v. Apostolidis</u>, 841 F. Supp. 2d 711, 721 (E.D.N.Y. 2012).

While Wilton argues that it made "efforts to serve foreign Interpleader Defendants[, Dardano and Schmidt,] in Florida," those expenses are not unique (Pl.'s Mem., at 5). Commencing an interpleader action requires the service of process, and it is not surprising that a policyholder may have potential beneficiaries who are citizens of different states.[4]

In cases where fees have been awarded, the issues were significantly more complex. <u>See</u>, <u>e.g.</u>, <u>State Farm Life & Assurance Co. v. Epps</u>, No. 12-CV-380S, 2013 WL 3992754 at *6-*7 (W.D.N.Y. July 22, 2013) (adopting Report and Recommendation) (unique services included (1) investigating proper parties to effect service on minors, (2) determining in which correctional facility a defendant resided and (3) responding to numerous law enforcement inquiries regarding insurance policy ultimately determined to be the motive for the policyholder's murder); <u>U.S. Life Ins. Co. in City of N.Y. v. Blum</u>, 09 Civ. 9416 (LTS)(JCF), 2011 W 70385 at *2-*3 (S.D.N.Y. Jan. 3, 2011) (Swain, D.J.)

---

[4]This is particularly true here, because Wilton was aware that the policyholder herself moved to Florida and sent correspondence to her Florida address (<u>see</u> Letters of Wilton Reassurance Life Company of New York to Donna A. Garbrecht, dated March 18, 2010, December 29, 2010 and October 10, 2011, annexed as Attachments 6-8 to Pl.'s Notice).

(declining to award expenses for service of process overseas and
for translation services because stakeholder "undertook the risk
of incurring such costs" in insuring a South American policy-
holder with potential South American beneficiaries, but reimburs-
ing significant expenses for locating defendant through private
investigator); New York Life Ins. Co. v. Hassan, No. 09-CV-1075A,
2010 WL 3070091 at *3 (W.D.N.Y. Aug. 4, 2010) (awarding fees
where insurance company expended significant time "on the unusual
issues of foreign service of process and confirmation of citizen-
ship" of defendants).

         Moreover, the cases Wilton cites do not support its
request and are distinguishable (Pl.'s Mem., at 2-3).  Wilton
misstates the holding of Guardian Life Ins. Co. of Am. v. St.
Ange, 11 Civ. 3468 (PKC), 2012 WL 463894 at *2 (S.D.N.Y. Feb. 8,
2012) (Castel, D.J.), claiming that the stakeholder was awarded
fees; in fact, the insurance company was granted time to make a
fee application, but was warned that some of its expenses may be
considered as part of the ordinary cost of doing business.  In
Travelers Ins. Co. v. Estate of Garcia, No. 00-CV-2130 (ILG),
2003 WL 1193535 at *5 (E.D.N.Y. Feb. 4, 2003), the insurance
company was awarded fees because the "case clearly involved
unique problems for a disinterested stakeholder" -- there were
simultaneous state court actions where information was not

11

publicly available due to an underlying custodial dispute in
Family Court, as well as claims from a beneficiary and an estate
with no appointed administrator.  Finally, in <u>Fidelity Brokerage
Servs., LLC v. Bank of China</u>, 192 F. Supp. 2d 173, 182 (S.D.N.Y.
2002) (Chin, then D.J., now Cir. J.), the stakeholder was a
brokerage firm, not an insurance company.

Wilton has not identified any unique expenses that
exceed the ordinary cost of doing business.  Thus, Wilton's
motion for fees and costs should be denied.

IV.  <u>Conclusion</u>

For all of the foregoing reasons, Wilton's motion for
discharge from liability is granted; Wilton's request for an
injunction and for reimbursement of attorneys' fees and costs
incurred in connection with this action is denied.  The Clerk of
The Court is directed to close Docket Item 31.

I further direct that the Clerk of Court pay the
balance of the interest-bearing account in this matter, currently
on deposit in the Court's Registry and constituting the unpaid
policy proceeds and interest, as follows:  (1) 62.5% to Walter F.
Garbrecht, Jr., (2) 12.5% to Walter F. Garbrecht, Jr., on behalf

of minor D.G., (3) 12.5% to Joshua Rodriguez and (4) 12.5% to

Renee A. Maisano-Cuzzo.

Dated:   New York, New York
         March 6, 2015

                              SO ORDERED


                              HENRY PITMAN
                              United States Magistrate Judge


Copies transmitted to:

Jaime M. Merritt, Esq.
White and Williams LLP
One Penn Plaza
New York, New York  10119

Vincent Gelardi, Esq.
Gelardi & Randazzo LLP
Suite S-608
800 Westchester Avenue
Rye Brooke, New York  10573

Ms. Renee A. Maisano-Cuzzo
105 Deer Crossing Lane
Port Jervis, New York  12771

Ms. Gail Dardano
672 Preston Avenue
Deltona, Florida 32738

Ms. Joyce R. Maisano
2 End Place
Scarsdale, New York  10573

Ms. Suzanne Schmidt
2365 88th Court
Vero Beach, Florida  32966